UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BAIME
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant ERIC P. LINSCOMB
 United States Army, Appellant

 ARMY 20090568

 Headquarters, Joint Readiness Center and Fort Polk
 Charles S. Hayes, Military Judge
 Colonel James D. Key, Staff Judge Advocate (trial)
 Colonel Keith C. Well, Staff Judge Advocate (post-trial)

For Appellant: Major Timothy W. Thomas, JA; Captain Jennifer A. Parker.

For Appellee: Lieutenant Colonel Francis C. Kiley.

 24 November 2009

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 A military judge sitting as a special court-martial convicted
appellant, pursuant to his pleas, of absence without leave and missing
movement, in violation of Articles 86 and 87, Uniform Code of Military
Justice [hereinafter UCMJ], 10 U.S.C. §§ 886 and 887. The military judge
sentenced appellant to confinement for four days, reduction to the rank of
E-3, and a bad-conduct discharge. The convening authority approved the
adjudged sentence.[1] This case is before us for review under Article 66,
UCMJ.

 With respect to the Article 86 violation, the Specification of Charge
I alleged appellant “did remain so absent until he was apprehended on or
about 23 February 2009.” According to appellant’s providency inquiry,
however, civilian law enforcement in Elton, Louisiana apprehended and
confined him on 20 February 2009 pursuant to an arrest warrant. The record
is not entirely clear concerning the legal basis for the warrant or the
circumstances that led civilian authorities to its execution. In this
case, however, appellant indicated the warrant was issued at the request of
military authorities.[2] Appellant also stated during providency he
remained confined by civilian authorities until 23 February 2009, at which
time appellant’s Fort Polk-based unit picked appellant up and returned him
to post.[3] These assertions during the guilty plea proceedings regarding
the timeline for his apprehension and confinement were uncontroverted.

 Article 86, UCMJ, states, “[w]hen an absentee is taken into custody by
civilian authorities at the request of military authorities, the absence is
terminated.” Manual for Courts-Martial, United States (2008 ed.)
[hereinafter MCM], Part IV, para. 10.c.(10)(d). See also United States v.
Lanphear, 23 U.S.C.M.A. 338, 340, 49 C.M.R. 742, 744 (1975) (same).
Furthermore, “[d]elivery of a known absentee by anyone to military
authority terminates an unauthorized absence.” MCM, Part IV, para.
10.c.(10)(c).

 In this light, we amend the finding of guilty in the Specification of
Charge I to reflect the earlier termination date of 20 February 2009 and
affirm the finding of guilty to Charge I and its Specification as amended.
The finding of guilty to Charge II and its Specification is affirmed.

 We have considered those matters personally raised by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), and find
them to be without merit. Reassessing the sentence on the basis of the
modified findings and the entire record, and applying the principles of
United States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United States v.
Moffeit, 63 M.J. 40, 43 (C.A.A.F. 2006), to include those factors
identified in Judge Baker's concurring opinion in Moffeit, the sentence is
affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Appellant received four days of pretrial confinement credit from the
military judge, though neither the convening authority’s action nor the
promulgation order reflect this credit. Appellant, however, acknowledges
in his brief that he suffered no prejudice because he did not serve any
confinement after his court-martial.
[2] Appellant testified on the record that the “Allen Parish Sherriff
Department” appeared at his mother’s home and stated, “they had a warrant
for my arrest from the United States Army.”

[3] 20 February 2009 through 23 February 2009 is the four-day period for
which appellant was granted confinement credit.